United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-70007 |
| ALVARO FLORES, JR., § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 13 |

<u>MEMORANDUM OPINION</u>

On March 29, 2023, the Court sua sponte ordered Auto Recovery Partners, LLC to show cause as to how it has not: (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; and (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code.[1] On April 20, 2023, this Court held a show cause hearing.[2] For the reasons set forth below, the Court finds that Auto Recovery Partners, LLC has violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2).

## I. FINDINGS OF FACT

**A. Background**

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact,

---

[1] ECF No. 33.
[2] ECF No. 65.

it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

The present controversy began on January 11, 2023, when Alvaro Flores, Jr. ("*Mr. Flores*" or "*Debtor*") filed his voluntary chapter 13 petition in this Court.[3] Mr. Flores filed his petition pro se.[4] On February 22, 2023, Mr. Flores appeared at an initial hearing and advised the Court that he had signed a contract for $1,200 in exchange for assistance in filing his chapter 13 petition.[5] The Court ordered Mr. Flores to cooperate with the United States Trustee in providing contact information for the individual that assisted him.[6]

On March 27, 2023, United States Trustee ("*UST*") filed "Amended Notice of Addresses of Undisclosed Bankruptcy Petition Preparer."[7] This filing contained the contact information for Marcela Parker ("*Parker*") and Auto Recovery, LLC.[8] On March 29, 2023, this Court issued a show cause order for Parker to appear before this Court in person in McAllen, TX on April 20, 2023.[9] Parker and Auto Recovery, LLC were ordered to show cause as to how they had not (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; and (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code.[10] Parker

---

[3] Case No. 23-70007.
[4] *See id.* at ECF No. 1.
[5] ECF No. 25.
[6] *Id.*
[7] ECF No. 32.
[8] *Id.*
[9] ECF No. 33.
[10] *Id.*

appeared on behalf of Auto Recovery Partners, LLC at the hearing on April 20, 2023 ("*Show Cause Hearing*").[11]

## II. CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[12] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this proceeding involves primarily core matters as it "concern[s] the administration of the estate."[13] Furthermore, this Court may only hear a case in which venue is proper.[14] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main chapter 13 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

### B. Constitutional Authority to Enter a Final Order

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[15] Alternatively, this Court has

---

[11] ECF No. 106 at 7.
[12] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[13] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[14] 28 U.S.C. § 1408.
[15] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against

constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[16] The parties have engaged in litigation in front of this Court, including numerous hearings and motions practice. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

## II. ANALYSIS

### A. Whether Auto Recovery Partners, LLC is a bankruptcy petition preparer under § 110

Section 110 was enacted to protect consumers from abuses by non-lawyer petition preparers.[17] "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[18] Notably, § 101(41) defines a "person" to include a corporation.[19] "Document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]."[20]

In this case, Ashley de la Garza, the wife of Flores, appeared at the Show Cause Hearing and testified that she discovered Auto Recovery Partners, LLC's contact information online and

---

the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[16] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[17] *See generally In re Murray*, 194 B.R. 651 (Bankr. D. Ariz. 1996); *In re Gavin*, 181 B.R. 814 (Bankr. E.D. Pa. 1995).

[18] 11 U.S.C. § 110(a)(1).

[19] 11 U.S.C. § 101(41).

[20] 11 U.S.C. § 110(a)(2).

reached out to them in January 2023 after Alvaro Flores, Jr.'s car was repossessed.[21] Ashley de la Garza further testified that a representative of Auto Recovery Partners, LLC advised Ashley de la Garza that bankruptcy was one way in which she could prevent Flores's vehicle from being repossessed.[22] Auto Recovery Partners, LLC also provided a checklist of instructions on how to file a chapter 13 bankruptcy.[23] In exchange for this assistance, Auto Recovery Partners, LLC charged Ashley de la Garza and Flores $1,250 but received only $925.[24] Notably, neither Parker nor anyone else employed by Auto Recovery Partners, LLC is an attorney.[25] After receiving this information from Auto Recovery Partners, LLC, Flores filed the pending chapter 13 case on January 11, 2023.[26]

In response, Auto Recovery Partners, LLC first argues that it is not a bankruptcy petition preparer since a representative of Auto Recovery Partners, LLC contracted solely with Ashley de la Garza and it was her husband Alvaro Flores, Jr. who filed the pending chapter 13.[27] Nonetheless, Auto Recovery Partners, LLC's distinction is without merit. An identical argument was raised in *In re Martinez*[28] and the Fifth Circuit concluded that the debtor's spouse was not a disinterested party since Texas is a community property state.[29] As such, the bankruptcy estate included certain interests of the debtor and the debtor's spouse.[30] Thus, as in *In re Martinez*, Auto Recovery Partners, LLC's first argument is meritless.

Next, Auto Recovery Partners, LLC contends that the assistance provided to Ashley de la Garza and Flores was merely for administrative tasks and does not constitute "preparing" the chapter

---

[21] ECF No. 106 at 94.
[22] *Id.* at 97-98.
[23] ECF No. 54-3.
[24] ECF No. 106 at 17.
[25] *Id.* at 24.
[26] ECF No. 1.
[27] ECF No. 58.
[28] *In re Martinez*, 72 F. App'x 138, 141 (5th Cir. 2003).
[29] *Id.*
[30] *Id.*

13 petition under §110(a)(1).[31]  Once again, Auto Recovery Partners, LLC's position is misguided. While Auto Recovery Partners, LLC did not physically fill out the chapter 13 petition, numerous courts across the country have found that this omission is not controlling.[32]  For example, in *In re Jolly*, the Bankruptcy Court for Southern District of Iowa held that "[t]he fact that the person does not place the data and numbers on the form does not excuse that person from advising the court of their participation in the process of preparing the documents for filing with the bankruptcy court."[33] Instead the Court reasoned that "'preparation' of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the 'preparer.'"[34]

The interpretation of "preparer" to include the dictation or determination of the information to be placed on the document is supported by the House of Representatives report discussing the implementation of § 110.  There, the House of Representatives explained "While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. . . These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system."[35]  From this text, it is clear that the purpose of § 110 is to protect innocent debtors from unqualified legal advice.  To interpret "preparer" so narrowly as to include only those who physically fill out the documents, would provide a glaring workaround for bad actors and

---

[31] ECF No. 58.
[32] *See e.g. In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (holding that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer"); *In re Springs*, 358 B.R. 236, 241 n. 4 (Bankr. M.D.N.C. 2006) (holding that an individual acted as a "bankruptcy petition preparer" for a Chapter 7 debtor even though he did not himself type the debtor's petition and other bankruptcy documents); *In re Thomas,* 315 B.R. 697, 703 (Bankr. N.D. Ohio 2004) (finding that physically filling out the forms was not necessary to constitute a bankruptcy petition preparer).
[33] *In re Jolly*, 313 B.R. at 300.
[34] *Id.*
[35] H.R. Rep. 103-834, 103rd Cong., 2nd Sess. At 40-42 (Oct. 4, 1994): *See also In re Farness*, 244 B.R. 464, 466-67 (Bankr. D. Idaho 2000).

undermine the very purpose of the statute. Thus, this Court will interpret "preparation" of a document under §110(a)(1) to include both the physical preparation and the dictation or the determination of the information to be placed on the document.

In the instant matter, Auto Recovery Partners, LLC clearly assisted Flores in the determination of the information to be placed in the chapter 13 petition. In fact, at the Show Cause Hearing, Ashley de la Garza testified that she and Flores had not even contemplated bankruptcy before speaking with Auto Recovery Partners, LLC.[36] After presenting Ashley de la Garza and Flores with the suggestion to file bankruptcy, Auto Recovery Partners, LLC then forwarded a list of instructions for filing bankruptcy.[37] The instructions specifically provided that Flores should select chapter 13 and how Flores could apply to pay the filing fee in installments.[38] Parker testified that she discovered these instructions online and had no personal knowledge as to the implications of filing chapter 13 or what paying the filing fee in installments meant.[39] This reckless behavior from Auto Recovery Partners, LLC is precisely the conduct Congress aimed to guard against with the passage of §110. Therefore, even though a representative of Auto Recovery Partners, LLC did not physically fill out the forms, Auto Recovery Partners, LLC's conduct still constitutes "preparing" the chapter 13 petition under §110(a)(1). As such, Auto Recovery Partners, LLC's second argument is without merit.

In sum, despite employing no licensed attorneys, Auto Recovery Partners, LLC assisted Ashley de la Garza and Flores in filing the pending chapter 13 case. For this assistance, Auto Recovery Partners, LLC received a fee of $925 from Ashley de la Garza and Flores. Since the term "person" in § 110 can apply to a corporation, the Court finds that Auto Recovery Partners, LLC is a

---

[36] ECF No. 106 at 99-100.
[37] *Id.* at 19.
[38] *Id.* at 27-28.
[39] *Id.*

person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepared Alvaro Flores, Jr.'s chapter 13 petition for compensation.

Accordingly, Auto Recovery Partners, LLC is a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

## B. Auto Recovery Partners, LLC's violations of § 110

Section 110 imposes numerous restrictions on the activities of bankruptcy petition preparers and authorizes the imposition of sanctions for specific violations of the statute.[40] As detailed below, Auto Recovery Partners, LLC has violated 11 U.S.C. § 110(b), (c), (e) and (h). The Court will discuss each in turn.

### 1. 11 U.S.C. § 110(b)

In relevant part, § 110(b) provides that:

> (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to –
>     (A) sign the document for filing
>     (B) print on the document the name and address of that officer, principal, responsible person or partner.
> (2) (A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure….

As discussed above, this Court has already found that Auto Recovery Partners, LLC served as a bankruptcy petition preparer in Flores's pending chapter 13 case. Despite being a bankruptcy petition preparer, an officer, principal, responsible person, or partner of Auto Recovery Partners, LLC did not sign the chapter 13 petition.[41] Furthermore, an officer, principal, responsible person,

---

[40] 11 U.S.C. § 110.
[41] ECF No. 1.

or partner of Auto Recovery Partners, LLC also failed to print on the document the name and address of that officer, principal, responsible person or partner.[42] Thus, Auto Recovery Partners, LLC violated § 110(b)(1).

Additionally, at the Show Cause Hearing, Auto Recovery Partners, LLC provided no evidence that before preparing Flores's chapter 13 petition or accepting $925 in fees, it provided Flores with written notice on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure. Thus, Auto Recovery Partners, LLC also violated § 110(b)(2).

Accordingly, Auto Recovery Partners, LLC violated § 110(b)(1) and § 110(b)(2).

**2. 11 U.S.C. § 110(c)**

In relevant part, § 110(c) provides that:

> (1) a bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

On Alvaro Flores, Jr.'s chapter 13 petition, Auto Recovery Partners, LLC failed to include an identifying number that identifies individuals who prepared the document.[43]

Accordingly, Auto Recovery Partners, LLC violated § 110(c)(1).

**3. 11 U.S.C. § 110(e)**

In relevant part, § 110(e) provides that:

> (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
>   (B) The legal advice referred to in Subparagraph (A) includes advising the debtor –
>     (i) whether –
>       (I) to file a petition under this title; or
>       (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;

---

[42] *Id.*
[43] *Id.*

> (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title
>
> (vii) concerning bankruptcy procedures and rights.

At the Show Cause Hearing, Ashley de la Garza testified that a representative of Auto Recovery Partners, LLC advised her that bankruptcy was one way in which she could prevent Flores's vehicle from being re-possessed.[44] Auto Recovery Partners, LLC specifically provided a checklist of instructions on how to file a chapter 13 bankruptcy in particular.[45] Auto Recovery Partners, LLC's instructions also explained how to file an application to pay the filing fee in installments.[46] Ashley de la Garza further testified that she did not have any prior knowledge of bankruptcy law or chapter 13 relief and that she and her husband decided to file solely on the basis of Auto Recovery Partners, LLC's advice.[47] Thus, the Court finds that Auto Recovery Partners, LLC improperly offered Ashley de la Garza and Alvaro Flores, Jr. legal advice.

Accordingly, Auto Recovery Partners, LLC violated § 110(e)(2)(A).

### 4. 11 U.S.C. § 110(h)

In relevant part, § 110(h) provides that:

> (2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

Auto Recovery Partners, LLC received a fee of $925 from Ashley de la Garza and Flores in exchange for its counsel in filing the chapter 13 petition.[48] Despite receiving this fee, Auto Recovery

---

[44] *Id.* at 97-98.
[45] ECF No. 54-3.
[46] *Id.*
[47] ECF No. 106 at 98-99.
[48] ECF No. 106 at 17.

Partners, LLC failed to file a declaration disclosing receipt of this fee in connection with Alvaro Flores, Jr.'s chapter 13 petition.

Accordingly, Auto Recovery Partners, LLC violated § 110(h)(2).

## C. Sanctions of Auto Recovery Partners, LLC for violations of § 110

### 1. 11 U.S.C. § 110(j)

The bankruptcy court may enjoin a preparer from engaging in specific conduct or may completely enjoin it from acting as a bankruptcy petition preparer.[49] If the court finds that the bankruptcy petition preparer (i) violated section 110 or any other provision of the Bankruptcy Code, (ii) misrepresented its experience or education, or (iii) "engaged in any other fraudulent, unfair, or deceptive conduct," the court may enjoin it from engaging in such conduct.[50] In this case, the Court has determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Thus, the Court finds it appropriate to enjoin Auto Recovery Partners from committing any further violations.

Accordingly, Auto Recovery Partners, LLC is enjoined from: (i) giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code; (ii) encouraging, counseling, advising or assisting any person with filing a bankruptcy case under Title 11 of the United States Code; and (iii) from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann.

### 2. 11 U.S.C. § 110(h)(3)(B)

---

[49] 11 U.S.C. § 110(j)(2)(A), (B); *In re Abel*, Nos. 19-10010, 19-01003, 2019 Bankr. LEXIS 3129, at *24 (Bankr. D. Vt. 2019).
[50] 11 U.S.C. § 110(j)(2)(A).

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)."[51] Here, the Court has determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Furthermore, Auto Recovery Partners, LLC charged Flores and Ashley de la Garza $925.00 for the services resulting in these violations.[52]

Accordingly, the fees obtained by Auto Recovery Partners, LLC are forfeited and Auto Recovery Partners, LLC must, on or before August 15, 2023, reimburse Alvaro Flores, Jr. $925.00 in good and sufficient funds.

### 3. 11 U.S.C. § 110(l)

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."[53] Once again, the Court has previously determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). In response, Auto Recovery Partners, LLC acknowledges the Court's statutory authority to impose a fine of $500 for each violation of 11 U.S.C. § 110 but requests a lower fine for each violation contending that violations are not the "most egregious."[54] However, given that Auto Recovery Partners, LLC

---

[51] *See* 11 U.S.C. § 110(h)(3)(B); *Harrington v. Maali (In re Ortega)*, 629 B.R. 529, 536 (B.A.P. 1st Cir. 2021); *In re Cash*, No. 12-30424-SGJ-13, 2013 Bankr. LEXIS 1074, at *27 (Bankr. N.D. Tex. 2013) ("[A]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with section 110(b), (c), (d), (e), (f), (g) or (h)."); *McDow v. Skinner (In re Jay)*, 446 B.R. 227, 254 (Bankr. E.D. Va. 2010).
[52] ECF No. 106 at 17.
[53] 11 U.S.C. § 110(l)(1); *Hills v. McDermott (In re Wicker)*, 702 F.3d 874, 877 (6th Cir. 2012) ("Under § 110(l)(1), the bankruptcy court may order a bankruptcy petition preparer who does not comply with § 110(b) through (h) to pay a $500 fine for each violation."); *In re Torres*, No. 14-50122, 2015 Bankr. LEXIS 221, at *39 (Bankr. S.D. Tex. 2015) ([T]he Court may impose a fine against a petition preparer that fails to comply with any provision of 11 U.S.C. §§ 110(b), (c), (d), (e), (f), (g) or (h).").
[54] ECF No. 83 at 4.

failed to disclose their involvement and recklessly guided Flores into bankruptcy without knowledge of the implications, the Court finds that it is appropriate to impose a fine of $500.00 for each violation, resulting in a total of $2,500.00.

Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court find that a bankruptcy petition preparer ... prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."[55]  Here, Auto Recovery Partners, LLC did not disclose its identity on Flores's chapter 13 petition.[56]  Thus, the Court finds cause to triple the $2,500.00 fine for a total fine of $7,500.00.

Accordingly, Auto Recovery Partners, LLC is fined $7,500.00 and must, on or before August 15, 2023, remit such payment to the United States Trustee.

### III.  CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED July 14, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[55] 11 U.S.C. § 110(l)(2)(D); *see In re Bennett*, No. 18-10346, 2019 Bankr. LEXIS 3037, at *16 (Bankr. D. Vt. 2019) (finding that fines must be tripled under 11 U.S.C. § 110(l)(2) where bankruptcy petition preparer failed to disclose involvement).
[56] ECF No. 1.